IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILLENNIUM PIPELINE COMPANY, L.L.C.<br><br>　　　　　Plaintiff,<br><br>　　-v-<br><br>A PERMANENT EASEMENT FOR 0.27 ACRES<br>AND A TEMPORARY EASEMENT FOR .69<br>ACRES IN THE TOWN OF GREENVILLE,<br>ORANGE COUNTY, NEW YORK<br><br>BACE GROUP, INC.<br>P.O. BOX 2447<br>MIDDLETOWN, NEW YORK 10940<br><br>AND ALL UNKNOWN OWNERS,<br><br>　　　　　Defendants | CIVIL ACTION<br>7:17-cv-09371<br><br>**Electronically Filed** |

### AFFIDAVIT OF MICHAEL R. WRIGHT

MICHAEL R. WRIGHT, of full age, hereby declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am the attorney of record for Plaintiff and I make this Affidavit for the purpose of setting forth certain facts in further support of Plaintiff's Motion to have Richard Castaldo, Jr. held in contempt of court and by way of rebuttal to the fax submission to the Court made by Mr. Castaldo.

2. Millennium is an interstate natural gas transmission company that is jointly owned by Columbia Pipeline Group, Inc., DTE Energy Company and National Grid PLC.

3. In October of 1982, Gary and Ellen Teller granted Columbia Gas Transmission

L0110359.1

Corporation easement rights to construct a natural gas pipeline which included a permanent right-of-way fifteen feet wide on each side of the pipeline. A copy of the easement agreement is attached hereto as Exhibit "2".

4. The property that was owned by the Tellers across which the easement was granted is the same property that was acquired Bace Group, Inc. and which is now owned by Richard Castaldo.

5. On September 24, 1985, Gary and Ellen Teller entered into a new Right-of-Way Agreement with Columbia Gas Transmission Corporation which superceded the 1982 agreement. That Agreement granted Columbia Gas Transmission Corporation easement rights to construct a natural gas pipeline which included a permanent right-of-way twenty-five feet wide on each side of the pipeline and also granted Columbia the right to lay additional pipelines at any time after September 24, 1985. A copy of the 1985 Right-of-Way Agreement is attached hereto as Exhibit "3". Pursuant to the easement rights which had been granted, Columbia Gas Transmission Corporation constructed and installed a 24 inch gas pipeline across the property which was put in service in 1987 and which has remained in service and in continuous use through to the present time.

6. By Bill of Sale and Assignment dated December 4, 2008, Columbia Gas Transmission Corporation sold and assigned to Millennium Pipeline Company, L.L.C. certain of its pipeline easement rights which included the pipeline easement rights that Gary and Ellen Teller had granted to Columbia Gas Transmission Corporation. A copy of the Bill of Sale and Assignment is attached hereto as Exhibit "4".

7. Thus, Millennium was and is the lawful owner of the aforesaid easement rights contrary to what Mr. Castaldo purports to assert.

8. Such permanent easement rights cannot be extinguished by adverse possession.

L0110359.1

An easement acquired by grant "remains inviolate as the fee favored by the grant, unless conveyed, abandoned, condemned or lost through prescription." *Gerbig v. Zumpano,* 7 N.Y.2d 327 (1960) There can be no adverse possession where the servient landowner does not interfere the easement holder's use of the easement and completely prevent the easement holder from using the easement for the purpose it was granted.

9. Apart from the fact that Millennium owns and has every right of ingress and egress to and complete use of the 50 food wide Columbia easement, the easement rights granted to Millennium in this proceeding to a large extent overlap and run in parallel to the existing pipeline and all surveying activity and placement of survey stakes done by Millennium was within the boundaries of the easement rights granted to Millennium in this proceeding. Attached hereto as Exhibit "5" is a copy of the survey map which shows the location of the existing pipeline as it is situated within the boundaries of the easement granted to Millennium in this proceeding.

10. In all cases, Mr. Castaldo's actions in pulling up the survey stakes, ordering the survey crew to cease operations and the placement of the bulldozer across the easement blocking Millennium from access to and use of its easement were and are in direct violation and flagrant disregard of this Court's Order of Taking and For Possession.

11. By reason of the foregoing, on behalf of Millennium, I request that Mr. Castaldo be directed and ordered by the Court to immediately remove the bulldozer and permanently cease and desist from any further interference with Millennium's easement rights and that, absent full and immediate compliance that he be held in contempt of court. I further request that the Court award Millennium its attorneys' fees and cost incurred in bringing this motion as well as its costs to have the survey crew reinstall the survey stakes.

12. On March 14, 2018, I served a copy of this affidavit with exhibits upon Richard

L01 10359.1

Castaldo by faxing a copy to him at 845-343-0408 and by mailing a copy to him via U.S. Mail by depositing a copy in a postage paid envelope addressed to him at P.O. Box 2447, Middletown, NY 10904.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on March 14, 2018

_____
Michael R. Wright

L0110359.1