UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MILLENIUM PIPELINE COMPANY, LLC,

                       Plaintiff,

         -v-

BACE GROUP, INC., *et al.*,

                       Defendants.

No. 17-CV-9371

ORDER OF DISMISSAL

---

KENNETH M. KARAS, United States District Judge:

    Millennium Pipeline Company, LLC ("Plaintiff"), a natural gas company, brings this Action under Federal Rule of Civil Procedure 71.1, under the authority of Section 717(h) of the Natural Gas Act, 15 U.S.C. §§ 717a, et seq. (the "Natural Gas Act"), against Bace Group, Inc., Permanent Easement for 0.27 Acres and Temporary Easements for 0.69 Acres in Town of Greenville, Orange County, New York, and All Unknown Owners and Interested Parties ("Defendants"). (Dkt. No. 8). Plaintiff seeks a permanent right of way and easement on a parcel of property known as Tax Parcel No. 7-1-58.2 in Greenville, Orange County, New York, in order to install and construct pipeline facilities as part of the Eastern System Upgrade Project, which was reviewed and approved by the Federal Energy Regulatory Commission. (*Id.*)

    This case was scheduled for a non-jury bench trial to determine the issue of just compensation on September 29, 2021, at 10:00 am. (Dkt. No. 82). The Parties were required to submit pre-hearing submissions no later than August 25, 2021. (*Id.*) Neither Party responded. The Court attempted to contact Plaintiff's counsel via voicemail and email on September 21, 2021, and by email again on September 24, 2021. (*See* Dkt. No. 83). On September 27, 2021, this Court issued an order stating that if Plaintiff did not respond by 12:00 pm on September 28,

2021, the Court would dismiss this matter for failure to prosecute. (*Id.*) The Court did not hear from Plaintiff by that date and time.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *See id*. Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *see LeSane*, 239 F.3d at 209 (quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned that "pro se plaintiffs should be granted special leniency regarding procedural matters." *LeSane*, 239 F.3d at 209 (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to

>be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Wood v. City of N.Y.*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quotation marks omitted) (quoting *LeSane*, 239 F.3d at 209); *see also Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (same).  No single factor is dispositive.  *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of Plaintiff's case.  Plaintiff failed to submit any pre-hearing submissions, and the Court has attempted to get in touch with Plaintiff at least three times with no response whatsoever.  (*See* Dkt. No. 83).  Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute.  *See Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Djokovic v. U.S. Justice Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1–2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

SO ORDERED.

DATED: September 29, 2021
White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE